| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Law Offices of Scott E Kaplan LLC<br>5 S. Main Street, P.O. Box 157<br>Allentown, New Jersey 08501<br>(609) 259-1112<br>Proposed Counsel for Debtor/Debtor-in-Possession |

| In re:<br><br>ROSA MARIA STYLES,<br><br>　　　　　　　Debtor. | Case No. 19-32881 (ABA)<br><br>Chapter 11<br><br>Honorable Andrew B. Altenburg |
|---|---|

| Recommended Local Form: ☒ Followed ☐ Modified |
|---|

### SUPPLEMENTAL CERTIFICATION OF PROFESSIONAL IN SUPPORT OF APPLICATION FOR RETENTION OF PROFESSIONAL IN RESPONSE TO THE OFFICE OF THE UNITED STATES TRUSTEE

I, Anthony Nini, being of full age, certify as follows:

1. I am providing supplemental information for myself, as a Certified Public Accountant to Rosa Maria Styles ("Debtor"), the above-captioned Chapter 11 debtor and debtor-in-possession.

2. My professional credentials include:

    I am a New Jersey Licensed Certified Public Accountant. I possess the requisite expertise in the handling of bankruptcy and reorganization proceedings.

3. The proposed arrangement for compensation, including range of hourly rates, if applicable, is as follows:

    The terms of employment agreed to by the Debtor, subject to the approval of the Court, are that this accountant and other personnel within the firm will undertake this representation at their standard hourly rate, plus reimbursement of disbursements. The individuals presently designated to represent the Debtor and their hourly rates are:

    Anthony Nini                                    $ 285[1]

Other members or associates of the firm also may render services to the Debtor, if appropriate, at rates commensurate with the foregoing, as follows:

    Associates                                $80-150
    Paralegals and Support Staff         $ 75

Anthony Nini reserves the right to adjust his hourly rates in the ordinary course of his business and to seek reimbursement for expenses and disbursements. Mr. Robert Schwartz, the husband of the Debtor, tendered payment of $750 to Anthony Nini for services rendered for the benefit of Mr. Schwartz while both were working under an implied contractual relationship with each other for the sole benefit of Mr. Schwartz. Subsequent to the completion of the contractual relationship with Mr. Schwartz, I sought to be retained. You applicant has disclosed the same due to the relationship that Mr. Schwartz occupies with the Debtor despite the fact that no work was performed for the Debtor or on behalf of the Debtor nor payment received from the Debtor nor tendered on behalf of the Debtor. Mr. Nini will not be rendering any further services to Mr. Schwartz during the pendency of his retention as accountant to the Chapter 11 Estate of Rosa Styles.

Anthony Nini has been retained to represent the Debtor's Chapter 11 bankruptcy proceeding, going forward in order to assist Debtor in complying with the U.S. Trustee Chapter 11 Operating Guidelines and so as to help Debtor to successfully confirm a viable plan of reorganization.

As the court is aware, this post-petition payment is reflected in the Mr. Nini's Retention Application even though it was not tendered by the Debtor nor tendered on behalf of the Debtor but under an implied contractual relationship that Mr. Nini entered into with Mr. Schwartz alone. Since this payment was not a retainer, The Debtor has complied with the five factors enumerated in <u>In re Jefferson Bus. Ctr. Assocs.</u>, 135 B.R. 676 (Bankr. D. Colo. 1992). The five factors are as follows: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of the debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. <u>Jefferson</u> at 680.

The payment will not have any adverse economic impact on the Debtor's continued operations or her ability to reorganize. In fact, the primary purpose of payment was to assist Robert Schwartz. Mr. Schwartz, working on his own behalf, shared some of the work product, for which the $750 was paid, to Debtor Rosa Styles for her consideration to file with this court. The work that Mr. Schwartz shared with the Debtor, Rosa. Styles, allowed the Debtor to continue to pursue bankruptcy relief

with the advice of experienced counsel.  The payment submitted to Anthony Nini was not provided by the Debtor nor on the Debtor's behalf, therefore it did not have an adverse economic impact on the Debtor's ability to pay her post-petition expenses.  See In re Truong, 259 B.R. 264 at 268 (Bankr. D.N.J. 2001). Further, the Debtor is not required to repay the amounts because the Debtor did not contract for these services but rather the $750 is unrelated to the Debtor since it is for the benefit of Robert Schwartz under an implied contractual relationship with Mr. Nini alone and Mr. Schwartz will not seek reimbursement from the Debtor In Possession Rosa Styles..

Anthony Nini will represent the Debtor from time of his retention forward and throughout the pendency of his retention as Debtor's bankruptcy accountant in order to assist the Debtor and Debtor's Counsel toward confirmation of Debtor's Plan of Reorganization. Anthony Nini's Retention Application specifies his experience with matters related to the work generally required to be performed in bankruptcy proceedings, including as a Bankruptcy Analyst with the Office of the United States Trustee.

Lastly, All Anthony Nini fees and expenses for work performed for the Debtor In Possession, Rosa Styles, during this bankruptcy proceeding will be subject to approval by this court and he will file the proper fee application with this Court if he seeks payment for the same.

5. To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:
    None

   x☐   Describe connection:  :   In response to the Office of the United States Trustee I assert that I have disclosed my work for Robert Schwartz. herein and in my Application for Retention. I do not consider the work I performed for Mr Schwartz a conflict of interest since I entered into an implied contractual relationship with Mr. Schwartz alone for his benefit alone. This contractual relationship was for the benefit of Mr. Schwartz alone, not the benefit of the Debtor, I

6. To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:
    None

  x☐ Describe connection: : In response to the Office of the United States Trustee I assert that I have disclosed my work for Robert Schwartz. herein and in my Application for Retention. I do not consider the work I performed for Mr Schwartz a conflict of interest since I entered into an implied contractual relationship with Mr. Schwartz alone for his benefit alone. This contractual relationship was for the benefit of Mr. Schwartz alone, not the benefit of the Debtor, I disclosed the payment by Mr. Schwartz, that was for his own benefit and not the benefit of the Debtor, when I submitted my Application for Retention as accountant for the Debtor.

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

  ☒ do not hold an adverse interest to the estate.

  ☒ do not represent an adverse interest to the estate.

  ☒ are disinterested under 11 U.S.C. § 101(14).

  ☒ do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

  ☐ Other, explain: _____

8. If the professional is an auctioneer,

  a. A surety bond in accordance with D.N.J. LBR 2014-1(B)(2) is attached.

   ☐ Yes ☐ No

  b. My qualifications and previous experience as an auctioneer include:

_____

_____

4

    c.    Have you or any member of your firm ever been convicted of any criminal offense, other than motor vehicle violations?   ☐ Yes   x☒x No

If yes, explain: _____

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:

_____

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 14, 2020

/s/ Anthony Nini
Signature of Professional

Anthony Nini
Name of Professional

Rev. 7/1/04; jml