**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III, Esq. (asodono@msbnj.com)
Sari B. Placona, Esq. (splacona@msbnj.com)
*Attorneys for Debtor and Debtor-in-Possession, Rosa Maria Styles*

| | |
|---|---|
| In re:<br><br>ROSA MARIA STYLES,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-32881 (ABA)<br><br>Honorable Andrew B. Altenburg, Jr., U.S.B.J. |

## <u>DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION</u>

        Rosa Maria Styles, Debtor and Debtor-in-Possession/Plan Proponent (the "Debtor") respectfully

submits her Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code.

                         **McMANIMON, SCOTLAND & BAUMANN, LLC**
                         *Counsel to Debtor and Debtor-in-Possession,*
                         *Rosa Maria Styles*

                         By:   /s/ Anthony Sodono, III
                               ANTHONY SODONO, III

                              /s/ Rosa Maria Styles
                              ROSA MARIA STYLES

Dated: September 3, 2020

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION ...............................................................................................3

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS.....................3

   A.  General Overview ...................................................................................3

   B.  Definitions.............................................................................................4

   C.  Unclassified Claims .............................................................................9

      1.  Administrative Expenses and Fees ...............................................10

      2.  Priority Tax Claims ......................................................................11

   D.  Classified Claims and Interests ...........................................................12

      1.  Classes of Secured Claims ...........................................................12

      2.  Priority Non-Tax Claims ..............................................................13

      3.  Class of General Unsecured Claims .............................................13

      4.  Class(es) of Equity Interest Holders ............................................13

   E.  Acceptance or Rejection of Plan .........................................................14

   F.  Means of Effectuating the Plan ...........................................................14

      1.  Funding for the Plan .....................................................................14

      2.  Post-Confirmation Management ...................................................15

      3.  Disbursing Agent .........................................................................15

III. TREATMENT OF MISCELLANEOUS ITEMS .................................................16

   A.  Executory Contracts and Unexpired Leases ........................................16

      1.  Rejections .....................................................................................16

   B.  Changes in Rates Subject to Regulatory Commission Approval..........17

   C.  Retention of Jurisdiction. ....................................................................17

   D.  Procedures for Resolving Contested Claims........................................19

   E.  Notices under the Plan ........................................................................20

IV. EFFECT OF CONFIRMATION OF PLAN.........................................................20

   A.  Discharge ...........................................................................................20

   B.  Release of Claims ...............................................................................21

   C.  Modification of Plan ...........................................................................22

   D.  Revesting of Property in the Debtor ....................................................22

   E.  Modification of Plan ...........................................................................22

   F.  Post-Confirmation Conversion/Dismissal ..........................................23

   G.  Post-Confirmation Quarterly Fees ......................................................23

# I.

# INTRODUCTION

Rosa Maria Styles is the Debtor in this Chapter 11 bankruptcy case.  On December 9, 2019, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq.  This document is the Chapter 11 plan ("Plan") proposed by the Debtor as the plan proponent.  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganizing plan.  In other words, the plan proponent seeks to accomplish payments under the Plan by satisfying Administrative Expense Claims in full on the Effective Date or as otherwise agreed by holders of allowed administrative claims, satisfying secured and unsecured creditors by conveying a debtor owned asset to the primary secured creditor in exchange for a release of claims and payment of $700,000 as explained more fully herein.  The Effective Date of the proposed Plan is the first day of the month following the date which is thirty (30) days after the date on which the Confirmation Order becomes a Final Order.

# II.

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.**    **Definitions**

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

**1.**    **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the businesses of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponents in connection with the proposal and confirmation of this Plan.

**2.**    **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not

4

disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

**3.**   **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

**4.**   **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or becomes an Allowed Claim.

**5.**   **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

**6.**   **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

**7.**   **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

**8.**   **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

4821-9796-7818, v. 1

9.  **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Rosa Maria Styles is the Debtor.

10. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor' estates of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

4821-9796-7818, v. 1

**17.**    **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

**19.**    **Debtor** shall mean Rosa Maria Styles.

**20.**    **Disbursing Agent** shall mean the Reorganized Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

**21.**    **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

**22.**    **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

**23.**    **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

**24.**    **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

**25.**    **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

**26.**    **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest," shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

4821-9796-7818, v. 1

27. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35. **Proponent** means Rosa Maria Styles.

36. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

8

**37.**    **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor have an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

**38.**    **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

**39.**    **Other Definitions** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

**C.**    **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

4821-9796-7818, v. 1

### 1.  Administrative Expenses and Fees

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's unpaid administrative fees and expenses ("Compensation"), an estimate of future professional fees and other administrative claims and fees and their treatment the Plan:

| NAME | AMOUNT ESTIMATED | TREATMENT | TYPE OF CLAIM |
|---|---|---|---|
| Law Offices of Scott E. Kaplan, LLC | $16,428.24[1] | Payment in full on Effective Date. | Administrative |
| McManimon, Scotland & Baumann, LLC | $25,000 estimated | Payment in full on Effective Date. | Administrative |
| Anthony D. Nini (accountant) | $3,500 Estimated | Payment in full on Effective Date. | Administrative |
| Robert J. Scully, Jr. (realtor)[2] | N/A | Payment in full on Effective Date. | Administrative |
| Office of U.S. Trustee Fees | TBD | Payment in full on Effective Date. | Administrative |
| **APPROXIMATE TOTAL** | **$44,928.24 (estimated)** | | |

---

[1] Pursuant to Docket No. 128.  Kaplan filed an application for compensation totaling $46,508.84 (the "Application") however, the Debtor filed an objection to the Application, and Kaplan's fees were reduced.
[2] Although Mr. Scully was retained, Mr. Scully is not owed any fees as he did not procure a sale of the Avalon Property.

**<u>Court Approval of Professional Compensation and Expenses Required:</u>**

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

McManimon Scotland & Baumann, LLC, Anthony Nini, and Kaplan will be paid on the Effective Date.

### 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The Debtor dispute these amounts and reserves the right to review these claims. Priority tax claims shall be satisfied in accordance with the requirements of Section 507(a)(8). The Debtor shall pay creditors holding priority tax claims over sixty (60) months in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii).

4821-9796-7818, v. 1

| **DESCRIPTION** | **INSIDERS** **(Y/N)** | **IMPAIRED** **(Y/N)** | **AMOUNT OWED** | **TREATMENT** |
|---|---|---|---|---|
| Department of Treasury, Internal Revenue Service (POC 1)[3] | N | N | $2,750.03[4] | Payment in full on effective date. |
| Department of Treasury, Internal Revenue Service (POC 5)[5] | N | N | $2,571.01[6] | Payment in full on effective date. |

**D.    Classified Claims and Interests**

    **1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  If there are assets available, the below creditors will be paid upon the priority they should receive, otherwise they will be treated as an unsecured claim.  The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|---|---|---|---|---|---|
| 1 | THOMAS J. WELSH (Welsh holds first and second mortgage lien claims) | N | N | $2,200,000 | Satisfied on Effective Date.  Debtor will convey the Avalon Property to Mr. Welsh in exchange for him releasing his claims and tendering $700,000 to the Debtor. |
| 2 | CEBV, LLC (POC 3)[7] | N | N | $450,000[8] | Satisfied on Effective Date. |

---

[3] Debtor intends to file a motion to reclassify this claim.
[4] The proof of claim is $10,629.97.
[5] Debtor intends to file a motion to reclassify this claim.
[6] The proof of claim is $8,429.70.
[7] CEBV will release its mortgage lien claim upon payment of $450,000. Upon this payment, CEBV releases any and all claims, both secured and unsecured, against the Debtor.  See Doc. 92.
[8] CEBV's proof of claim was $17,441,408.54, however, pursuant to the Stipulation of Settlement between the Debtor and CBEV (Doc. No. 92), the Debtor agreed to pay $450,000 as a secured claim and CBEV releases the balance of any and all claims.

4821-9796-7818, v. 1

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|-------|-------------|----------------|----------------|-------------|-----------|
| 3 | Bayview Loan Servicing, LLC (POC 4) | N | N | $187,900[9] | This claim will be paid at the pre-petition contract rate in accordance with the loan documents. |

### 2.  Priority Non-Tax Claims

Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6),

and (7) are entitled to priority treatment. These claims are to be treated as follows:

The Debtor does not have any such claims.

### 3.   Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code

Section 507(a). These claims are to be treated as follows:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|---------------|----------------|-----------|
| 4 | General Unsecured Claims  Total amount of filed claims = ($14,523,503)[10] (subject to objection, reduction and reclassification; after reduction claims now total $18,224.82). | N | N | Claims totaling $18,224.82 shall be paid in full on the Effective Date. |

### 4.   Class(es) of Equity Interest Holders

The Debtor will be retaining her equity interest.

---

[9] Pursuant to Notice of Mortgage Forbearance, Doc. No. 114, monthly mortgage payments will resume on October 1, 2020, in the amount of $1,416.11.
[10] These claims are  reduced pursuant to the settlement between the Debtor and CEBV. There is approximately $18,224.82 in unsecured claims.

4821-9796-7818, v. 1

**E.**     **Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtor' estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

**F.**     **Means of Effectuating the Plan**

**1.   Funding for the Plan**

The Plan will be funded from the $700,000 in proceeds to be derived from Mr. Welsh when the Avalon Property is conveyed to him by deed in lieu of foreclosure on the effective date of confirmation.

Conveying the Avalon Property to Mr. Welsh will allow the Debtor to reorganize her debts which will be paid in full.  As a result, there is no prejudice to Mr. Welsh in reinstating the automatic stay, however, substantial prejudice will occur if the automatic stay is not reinstated and the Avalon Property gets sold at a sheriff's sale.  A sheriff's sale will prejudice all creditors and will not maximize the value of the Avalon Property.

4821-9796-7818, v. 1

### 2. Post-Confirmation Management

Debtor is an individual so there is no "post-confirmation" management, however, all property of the estate will re-vest in the Debtor and she will continue to own all property not previously conveyed by court order or by this plan.

### 3. Disbursing Agent

The Reorganized Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no remuneration for distribution services rendered and expenses incurred pursuant to the Plan.

The Reorganized Debtor shall act as the Debtor's liquidating agent and shall be authorized and obligated, as such, to take any and all actions necessary or appropriate to implement this Plan or wind down the Debtor, including any and all actions necessary to (a) liquidate the Debtor's remaining assets, (b) investigate and prosecute Causes of Action on the Debtor' behalf in the Bankruptcy Court or any other court of competent jurisdiction, (c) defend, protect, and enforce any and all rights and interests of the Debtor, (d) make any and all Distributions required or permitted to be made, (e) file any and all reports, requests for relief, or objections thereto, (f) dissolve the Debtor and otherwise wind down the Debtor and any corporate entity owned by the Debtor including preparation of and filing of final tax returns, (g) file such post-Effective Date reports as may be required under applicable law, (h) pay all statutory fees, (i) object to Claims filed against the Debtor, and (j) pay any and all claims, liabilities, losses, damages, costs, and expenses incurred in connection therewith or as a result thereof, including all fees and expenses of the Plan Administrator's attorneys and other professionals. The Plan Administrator shall be authorized to execute such documents and take such other action as may be necessary to effectuate

this Plan and perform his duties as liquidating agent. The Plan Administrator shall be authorized

to retain attorneys and other professionals and may incur reasonable fees and expenses in the

performance of his duties as the Debtor' liquidating agent, which reasonable fees and expenses

shall be paid from the Administrative Reserve.

Upon the Effective Date, the Plan Administrator shall be deemed the sole member of the

Debtor for all purposes, with all necessary and appropriate power to act for, on behalf of, and in

the name of the Debtor. The Plan Administrator may be removed for cause by order of the

Bankruptcy Court following notice and a hearing. As used in this Section, "cause" means a judicial

determination that the Plan Administrator has engaged in actual fraud, gross negligence, or willful

misconduct, or has otherwise materially and substantially failed to discharge his duties under this

Plan, and such material and substantial failure has continued for sixty (60) days following the Plan

Administrator's receipt of written notice specifically asserting such failures. The Plan

Administrator may also voluntarily resign, upon notice filed with the Bankruptcy Court; provided,

however, that no voluntary resignation by the Plan Administrator shall be effective until a

successor has been appointed.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

**1.    Rejections**

The Plan provides that all Executory Contracts and Unexpired Leases shall be assumed,

unless expressly rejected. The Order confirming the Plan shall constitute an Order approving the

rejection of any and all the leases or contracts except as set forth in paragraph III(A)(1) above.  If

you are a party to a contract or lease to be rejected and you object to the rejection of your contract

16

or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT WAS FEBRUARY 18, 2020.**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.      Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of their rates.

**C.      Retention of Jurisdiction.**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan and with respect to the following matters:

(a)      To enable the Plan Proponents to consummate the Plan and to resolve any disputes arising therefrom;

(b)      To adjudicate all controversies concerning the classification, estimation or allowance of any Claim herein;

(c)      To make such Orders as are necessary or appropriate to implement the provisions of this Plan;

(d)      To determine the classification, estimation and priority of all claims against the Debtor and to re-examine any Claims which may have been allowed;

(e)      To determine applications for the rejection or assumption of executory contracts or unexpired leases pursuant to the provisions of this Plan which are not determined prior to the Confirmation date and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Court may direct;

(f)      To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan;

(g)      To conduct hearings on valuation, as necessary, and to determine whether any party in interest is entitled to recover against any Person any Claim, whether arising under Section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise;

(h)      To hear and determine all applications for compensation and other Administrative Expenses;

(i)      To hear and determine any and all pending adversary proceedings or contested matters;

(j)      To determine all causes of action which may exist in favor of the Debtor;

(k)      To determine any modification of the Plan after confirmation pursuant to Section 1127 of the Code;

(l)      To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor under the Plan;

(m)      To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules;

(n)      To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(o)      To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of Bankruptcy Court in the Chapter 11 Case entered on or before the Confirmation Date;

(p)      To hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(q)      To hear and determine any and all objections to payments under the Plan;

(r)      To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(s)     To adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

(t)     To adjudicate all causes of action to recover all assets and properties of the Debtor wherever located;

(u)     To enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions on such title rights and powers as the Bankruptcy Court may deem necessary or appropriate; and

(v)     To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting or enforcing the provisions thereof.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.      Procedures for Resolving Contested Claims.**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor' schedules or the filed proof(s) of claim.

**E.**     **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

> Anthony Sodono, III, Esq., and Sari B. Placona, Esq.
> c/o McManimon, Scotland & Baumann, LLC
> 75 Livingston Avenue
> Roseland, New Jersey 07068

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.**     **Discharge**

This Plan provides that upon confirmation of the Plan and tendering the payments as set forth herein, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11U.S.C.§ 1141. However, any liability imposed by the Plan will not be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or their estates or any other persons, or to prejudice in any manner the rights of the Debtor or their estates or any person in any further proceeding involving the Debtor or their estates. The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof. Moreover, any judgments docketed against the Debtor or their real properties in the State of New Jersey and any county or subdivision thereof will be expunged upon the Effective Date of the Plan.

4821-9796-7818, v. 1

**B.      Release of Claims**

Except as otherwise expressly provided for in this Plan, the distributions and rights afforded in the Plan shall be complete and full satisfaction and release, effective as of the Effective Date, of all Claims against the Debtor or any of their assets or properties of any nature whatsoever. Commencing on the Effective Date, except as otherwise expressly provided for in this Plan, all Claimants are forever releasing, waiving, and discharging and shall be precluded forever from asserting against the Debtor and her agents,  representatives, financial advisors, accountants, or attorneys and their respective assets and properties any other or further claims, obligations, suits, judgments, liens, encumbrances, damages, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtor,  the Chapter 11 Case, or the Plan, including but not limited to all principal and accrued and unpaid interest on the debts of the Debtor based on any act or omission, transaction or other activity or security instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date, that was or could have been the subject of any Claim, whether or not Allowed; provided, however, that such release, waiver and discharge shall not apply in any respect to any acts or omission that are the result of fraud, gross negligence or willful misconduct by the Debtor from the Petition Date to the Effective Date.

On and after the Effective Date, as to every Claim, every Holder of a Claim shall be precluded from asserting against the Debtor and his respective agents, employees, principals, officers, members, shareholders, representatives, financial advisors, accountants, attorneys or employees and its respective assets and/or properties any further Claim based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

4821-9796-7818, v. 1

Pursuant to Bankruptcy Rule 9019, confirmation of the Plan shall constitute, and all consideration distributed under this Plan shall be in exchange for and in complete satisfaction, settlement, and release of and an injunction against, all as of the Effective Date, any and all Claims, demands, allegations or causes of action, against the Debtor and their respective agents, representatives, officers, shareholders, members, employees, financial advisors, accountants, attorneys, or employees for any liability for actions taken or omitted to be taken in good faith under or in connection with the Plan or in connection with the Chapter 11 case or the operation of the Debtor during the pendency of the Chapter 11 case.

## C.    Modification of Plan

The Proponent of the Plan may modify the Plan at any time before Confirmation, however, the Court may require a new disclosure statement or re-voting on the Plan if Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated; and (2) the Court authorizes the proposed modification after notice and a hearing.

## D.    Revesting of Property in the Debtor

Except as provided in Section IV.E. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests the property of the estate in the Debtor.

## E.    Modification of Plan

The Proponents of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or re-voting on the Plan if Proponent modifies the Plan before Confirmation.

22

4821-9796-7818, v. 1

The Proponents may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated; and (2) the Court authorizes the proposed modification after notice and a hearing.

**F.      Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only if relief from stay was not previously granted by the Court during this case.

**G.      Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930 (a)(6) continue to be payable to the office of the United States trustee post-confirmation until such time as the case is converted dismissed or closed pursuant to a final decree.   Operating reports will continue to be filed quarterly (not monthly) and shall continue until the case was closed.

> **McMANIMON, SCOTLAND**
> **& BAUMANN, LLC**
>
> *Counsel to Debtor and Debtor-in-Possession,*
> *Rosa Maria Styles*
>
> By:____/s/ Anthony Sodono, III_____
>         ANTHONY SODONO, III
>
> _____/s/ Rosa Maria Styles_____
>        ROSA MARIA STYLES

4821-9796-7818, v. 1