**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III, Esq. (asodono@msbnj.com)
Sari B. Placona, Esq. (splacona@msbnj.com)
*Attorneys for Debtor, Rosa Maria Styles*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ROSA MARIA STYLES,<br><br>            Debtor. | Chapter 11<br><br>Case No. 19-32881 (ABA)<br><br>Honorable Andrew B. Altenburg, Jr. |

**CERTIFICATION OF DEBTOR IN RESPONSE TO CERTIFICATION
OF THOMAS J. WELSH, JR. IN RESPONSE TO MOTION TO
REINSTATE STATY AND IN FURTHER SUPPORT OF
MOTION TO REINSTATE AUTOMATIC STAY**

Rosa Maria Styles, Chapter 11 debtor ("**Debtor**"), of full age, certifies as follows:

1. I am the Chapter 11 debtor in the above referenced matter. I have personal knowledge of the facts set forth herein. I submit this Certification in response to the Certification of Thomas J. Welsh, Jr., in response to my motion to reinstate stay and in further support of my motion to reinstate the automatic stay.

2. On December 9, 2019, I filed my voluntary petition for relief under Chapter 11 of the Bankruptcy Code. See Docket No. 1. I continue to manage my affairs as debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No creditors' committee or trustee has been appointed.

3. My residence is located at 43 West 12th Street, Avalon, New Jersey (the "**Avalon Property**"). I reside at the Avalon Property with my spouse.

4. On January 17, 2020, Thomas J. Welsh, Jr., filed a motion for stay relief (the "**Stay Relief Motion**") (Doc. 25).

5. Mr. Welsh holds two mortgages on the Avalon Property.

6. On July 28, 2020, the Court entered an Order Granting Mr. Welsh relief from the automatic stay (the **"Stay Relief Order"**).

7. In contrast to the what is stated in the Stay Relief Motion, the Avalon Property is indeed necessary for a successful reorganization.

8. On September 3, 2020, I filed a motion to reinstate the stay (the "**Motion to Reinstate**").

9. On September 14, 2020, Mr. Welsh filed a response to the Motion to Reinstate (the "**Response**"). The Response indicates that Mr. Welsh agrees the Avalon Property is worth $2.9 million and Mr. Welsh offered to pay me the difference between $2.9 million and what is owed to him.

10. The Response indicates that as of September 22, 2020, I owe Mr. Welsh $2,329,956.52, plus counsel fees and costs of $55,761.25, for a total of $2,385,717.77. The per diem rate is $319.00.

11. The hearing on the Motion to Reinstate is scheduled for September 29, 2020. As of that date, the total owed to Mr. Welsh should be approximately $2,387,950.77 if the per diem rate is considered.[1]

12. Mr. Welsh acknowledges he is willing to pay the difference between the $2.9 million value and what is due to him as of September 22, 2020 - $514,282.23 – in exchange for a deed to the Avalon Property.

---

[1] This total amount takes into consideration a per diem rate of $319 through September 29, 2020.

2

13. I acknowledge Mr. Welsh's Response and agree with him as to what will paid for the Avalon Property.

14. I respectfully request for the automatic stay to be reinstated.

I certify under penalty of perjury that the foregoing statements made by me are true and correct. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Rosa Maria Styles

ROSA MARIA STYLES

Dated: September 25, 2020